UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY N. FIEGER, NANCY
FISHER, and FIEGER, FIEGER, KENNEY
& JOHNSON, P.C.,

      Plaintiffs,

vs.

CASE NO. 07-CV-10533-DT
HON. LAWRENCE P. ZATKOFF

ALBERTO R. GONZALES, UNITED
STATES ATTORNEY GENERAL, and
MICHAEL E. TONER, FEDERAL
ELECTION COMMISSION CHAIRMAN,
in their official capacities,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 7th day of March, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

      This matter is before the Court on the Motion to Set Briefing Schedule (Docket #7), filed by Defendant Michael E. Toner, Federal Election Commission Chairman ("FEC"). Defendant Alberto Gonzales, United States Attorney General ("AG"), has joined in the FEC's Motion. Plaintiffs have filed a brief in response to the Defendants' joint Motion, and the FEC has filed a reply. The Court finds that the facts and legal arguments pertinent to Defendants' Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore,

pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendants' Motion to Set Briefing Schedule is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

On February 5, 2007, Plaintiffs initiated this action. On February 6, 2007, both the FEC and the AG were served in this matter. On February 7, 2007, Plaintiffs filed a Motion for Declaratory Judgment. On February 23, 2007, the FEC filed its Motion to Set Briefing Schedule.

Defendants assert that Plaintiffs prematurely filed the Motion for Declaratory Judgment because they did not wait until 20 days after the Complaint was filed to submit a dispositive motion with the Court. *See* Fed.R.Civ.P. 56(a). Rather than ask the Court to strike the Motion for Declaratory Judgment, however, Defendants ask the Court to establish a briefing schedule that will commence after Defendants' answers are due on April 9, 2007. The FEC, in particular, maintains that its staffing situation would be burdened if required to respond to the Motion for Declaratory Judgment when due (March 5, 2007).

The Defendants propose that they file their answers on April 9, 2007, as required, and then have the following dates govern the briefing of Plaintiffs' Motion for Declaratory Judgment and the dispositive motions the Defendants anticipate filing:

| | |
|---|---|
| May 16, 2007 | Each Defendant shall file a combined opposition to Plaintiffs' Motion and brief in support of its summary judgment motion. |
| June 13, 2007 | Plaintiffs shall file their combined opposition to the Defendants' motions for summary judgment and reply in support of their Motion for Declaratory Judgment |
| July 6, 2007 | Each Defendant shall file its reply in support of its motion for |

summary judgment.

Defendants assert that counsel for Plaintiffs was consulted prior to filing the Motion to Set Briefing Schedule and concurrence was not obtained. In fact, Plaintiffs oppose the Defendants' proposal. Plaintiffs contend that Defendants are seeking to deliberately slow the prosecution of this case so that they can continue to engage in illegal activities. Plaintiffs ask the Court to set an expedited schedule for this matter.

### III. ANALYSIS

In reviewing Plaintiffs' Motion for Declaratory Judgment, the Court found no indication that Plaintiffs sought concurrence from either of the FEC or the AG prior to filing its Motion for Declaratory Judgment. As such, the Court finds that striking the Motion for Declaratory Judgment would be an appropriate remedy on that basis alone. The Court also finds that striking the Motion for Declaratory Judgment would be an appropriate remedy for prematurely filing the Motion for Declaratory Judgment, as noted by Defendants.

In light of the Defendants' willingness to seek alternative remedies and the Plaintiffs' desire to prosecute this case in an expedited manner, however, the Court concludes that the interests of justice dictate a different result. Accordingly, after a review of the filings in this matter, including the arguments of all parties with respect to the Motion to Set Briefing Schedule, the Court makes the following determinations regarding the parties' positions, each of which is made in the interests of justice:

1. Defendants shall file their respective Answers to Plaintiffs' Complaint on or before April 9, 2007;

2. Defendants shall file their respective responses to Plaintiffs' Motion for Declaratory

       Judgment on or before April 16, 2007; and

3.      Plaintiffs shall file their reply brief in support of their Motion for Declaratory Judgment on or before April 30, 2007.

In addition, if the FEC or the AG want to file a dispositive motion in this case, such a motion can be filed at any time. In the event such a motion is filed, the Court will expect the Plaintiffs to respond within the 21 day period allotted by the Local Rules, although the Court will consider an extension of that time pursuant to a motion or stipulation.

### IV. CONCLUSION

Accordingly, and for the reasons stated above, Defendants' Motion to Set Briefing Schedule is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                             s/Lawrence P. Zatkoff  
                             LAWRENCE P. ZATKOFF  
                             UNITED STATES DISTRICT JUDGE

Dated: March 7, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 7, 2007.

                             s/Marie E. Verlinde  
                             Case Manager  
                             (810) 984-3290