UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY N. FIEGER, NANCY
FISHER, and FIEGER, FIEGER, KENNEY
& JOHNSON, P.C.,

      Plaintiffs,

vs.

CASE NO. 07-CV-10533-DT
HON. LAWRENCE P. ZATKOFF

ALBERTO R. GONZALES, UNITED
STATES ATTORNEY GENERAL, and
MICHAEL E. TONER, FEDERAL
ELECTION COMMISSION CHAIRMAN,
in their official capacities,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 8th day of August, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on a Motion to Voluntarily Dismiss Without Prejudice filed by Plaintiffs Geoffrey N. Fieger and Fieger, Fieger, Kenney & Johnson, P.C. (the "Fieger Plaintiffs") (Docket #26). Defendant Michael E. Toner, Federal Election Commission Chairman ("FEC"), and Defendant Alberto Gonzales, United States Attorney General ("AG"), have filed response briefs in opposition to the motion. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decisional process

will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, the Motion to Voluntarily Dismiss Without Prejudice is DENIED.

## II. BACKGROUND

On February 5, 2007, Plaintiffs initiated this action. On February 6, 2007, both the FEC and the AG were served in this matter. On February 7, 2007, Plaintiffs filed a Motion for Declaratory Judgment. On February 23, 2007, the FEC filed its Motion to Set Briefing Schedule, asking the Court to give it more time to file its response brief and to file a Motion for Summary Judgment. The AG joined in the FEC's Motion. The Plaintiffs opposed the Defendants' proposal and asked this Court to address matters on an expedited basis. On March 7, 2007, the Court granted the FEC's motion in part, allowing both Defendants some extra time to respond to the Motion for Declaratory Judgment, although not nearly the amount of time requested. In addition, the Court set a briefing schedule with respect to the Motion for Declaratory Judgment.

The FEC and the AG each filed a timely response to the Motion for Declaratory Judgment, and each filed a dispositive motion concurrent with their respective responses. All appropriate responses and replies were timely filed thereafter, concluding with the FEC's reply brief corresponding to the FEC's Motion for Summary Judgment on May 24, 2007. Six days later, the Fieger Plaintiffs filed the Motion to Voluntarily Dismiss Without Prejudice.

## III.  APPLICABLE LAW

Fed.R.Civ.P. 41(a)(1) allows for a voluntary dismissal by plaintiff: (1) by filing an appropriate notice, if the adverse party has not filed an answer or motion for summary judgment, or (2) by stipulation of the parties. In this case, neither of those conditions can be satisfied because both Defendants filed dispositive motions prior to the Fieger Plaintiffs' Motion for Voluntary Dismissal and neither of the Defendants will stipulate to dismissal of this action without prejudice.

Fed. R.Civ.P. 41(a)(2) provides that "an action shall not dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Whether plaintiffs should be permitted to voluntarily dismiss their case is committed to the sound discretion of this Court. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The "primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Such unfair treatment stems not from "facing the mere prospect of a second lawsuit," but from "plain legal prejudice." Id.

The Sixth Circuit has specified four factors that this Court should consider in assessing whether the nonmovants will suffer plain legal prejudice from the voluntary dismissal the Fieger Plaintiffs seek here: (1) the defendants' effort and expense of preparation for trial, (2) any excessive delay and lack of diligence on the part of the plaintiffs in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the defendants. *Grover*, 33 F.3d at 718. *See also Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 499 (6th Cir. 2007).

## IV. ANALYSIS

After assessing whether the Defendants will be prejudiced by the voluntary dismissal of the Fieger Plaintiffs' claims without prejudice, the Court concludes that the four *Grover* factors overwhelmingly support the denial of the Fieger Plaintiffs' Motion for Voluntary Dismissal Without Prejudice. The FEC and the AG have expended considerable effort and resources in defending this action, including filing their respective dispositive motions. Significantly, they were forced to do this based on (1) the Plaintiffs' opposition to an the FEC's request for an extension of time to file a response to the Motion for Declaratory Judgment, and (2) the desire of all of the Plaintiffs that this matter be addressed on an expedited basis. Defendants would suffer undue prejudice if the Fieger Plaintiffs simply were able to re-litigate this matter at a later date. In addition, as the third plaintiff, Nancy Fisher, apparently will be going forward with her case, Defendants could even be faced with having to pay the expenses of a second lawsuit based on the same facts.

The Court also notes that the Fieger Plaintiffs have not given any reason (or even cited the authority upon which they were relying) for the proposed dismissal without prejudice. The absence of a good reason for the proposed dismissal alone convinces the Court that a dismissal without prejudice is unwarranted in this case. See *Jones v. Lemke*, 178 F.3d 1294 (6th Cir. 1999) (noting that district court properly denied plaintiff's motion to dismiss without prejudice where "defendants put forth considerable effort and expense in preparing their motion for summary judgment, the plaintiff delayed his motion to dismiss until the case was ripe for decision, and his explanation for the need to take a dismissal is clearly insufficient"); *Fawns v. Ratcliff*, 117 F.3d 1420 (6th Cir. 1997) ("Considering the advanced stage of the proceedings, [plaintiff's] failure to offer any explanation for the need for a dismissal, and the significant time and effort invested by the parties, we cannot

4

say that the district court abused its discretion by denying [plaintiff's] motion to dismiss her suit without prejudice."). Finally, as both Defendants have filed dispositive motions and Plaintiffs have filed a Motion for Declaratory Judgment, this case likely is ready for a final decision on the merits.

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Voluntarily Dismiss Without Prejudice.

## V. CONCLUSION

Accordingly, and for the reasons stated above, the Motion to Voluntarily Dismiss Without Prejudice filed by the Fieger Plaintiffs is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: August 8, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 8, 2007.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290